UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KENNETH L. LAVAN,<br>*Petitioner*,<br><br>v.<br><br>ERIC K. SHINSEKI,<br>Secretary of the U.S. Department of Veterans Affairs,<br>*Respondent.* | Civil Action №:_____ |

## PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

COME NOW the Petitioner, KENNETH L. LAVAN, and files this Petition for Extraordinary Relief in the Nature of a Writ of Mandamus addressed to Respondent ERIC K. SHINSEKI, in his official capacity as the Secretary of the U.S. Department of Veterans Affairs, and alleges as follows:

### I. INTRODUCTION

1. This is an action for a petition for extraordinary relief in the nature of a writ of mandamus, seeking an order from this Court directing Respondent to pay to Petitioner attorney fees awarded by Respondent on the following cases: MARIO G. FUOCO, FRANCIS SMIDT, WILLIAM LEE, BILLIE CAMPBELL, JAMES CLIFFORD HUNTER, WILLIE LITTLE, SEPTIMIO CARLOS SARDINA, SHERRELL KILLINGS, TIMOTHY SHEA, RICHARD E. MARTIN JR, SCOTT G. WHITTEMORE, MARVIN BOWLERS, JOHN W. SPAULDING, CHRISTIAN M. NORIEGA, JOHN KOREY, BETTY KNIGHT, DAVID E. BASS, ROBERT SCOTT MCCUBBINS, DANA MARIE MOORE

### II. JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1361.

### III.   VENUE

3. Venue is proper in the Southern District of Florida because Plaintiff maintains his principal place of business, related to the issues in this petition, in this District.

### IV.   REMEDY SOUGHT

4. Petitioner seeks to have this Court order Respondent, with regard to each individual award of attorney fees left unpaid, to pay the fees to Petitioner without undue delay

### V.   PARTIES

5. Petitioner is a licensed attorney accredited by VA to practice before the Agency within the scope of VA benefits law.  He maintains his principal place of business within the Southern District of Florida at 7067 West Broward Blvd., Suite D, Plantation, FL  33317.

6. Respondent is Eric K. Shinseki, in his official capacity as the Secretary of the U.S. Department of Veterans Affairs.

### VI.   SERVICE

7. Respondent Eric Shinseki, Secretary of the Department of Veterans Affairs, may be served by mailing a copy of this complaint and summons by certified mail, return receipt requested, to the following address: U.S. Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC, 20420.

8. The United States of America may be served by mailing a copy of this complaint and summons by certified mail, return receipt requested, to the U.S. Attorney for the district in which this action is brought at United States Attorney for the Southern District of Florida, 99 NE 4th Street, Miami, Florida 33132,and by serving a copy of this complaint and summons by certified mail, return receipt requested, on the Attorney General of the United States at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## VII.   FACTUAL ALLEGATIONS

9. Petitioner, a licensed attorney, represented the following persons in their claims for VA disability compensation benefits.

10. Pursuant to a fee agreement between Petitioner and each client, Respondent awarded Petitioner attorney fees representing 20% of the total past-due and accrued cash benefits that Respondent awarded to the client.

11. Pursuant to the agreement, and as authorized by statute, each client authorized Respondent to withhold 20% of the cash benefits awarded to the client from that client's disability compensation award, and that portion was then to be paid to Petitioner.  *See* 38 U.S.C. § 5904(d)(2)(A).

12. Respondent is required to make payment to an attorney when entitlement to such fees is found.  *See Snyder v. Principi*, 15 Vet. App. 285, 291-92 (2001) (requiring VA to pay duly awarded attorney fees to attorney even if VA erroneously pays attorney's portion of the withheld fees to the VA claimant); *Cox v. Principi*, 15 Vet. App. 280, 282(2001) (section 5904(d)(2)(A) "creates a corresponding right for the attorney to collect that fee").

13. By statute, Petitioner's clients have the right to appeal Respondent's determinations regarding the payment of attorney fees out of the cash benefits awarded.  Such an appeal must be filed within 60 days following the attorney fee award determination.  *See* 38 U.S.C. § 7105A(a); *Mason v Shinseki*, 26 Vet. App. 1 (2012).

14. Facts specific to each award are detailed below.

15.  For each award of attorney fees, Respondent has not paid Petitioner the fees.

## COUNT I – DUE PROCESS PERIOD EXPIRED

16. Petitioner represented MARIO FUOCO pursuant to a fee agreement between them.

3

17. On SEPTEMBER 26, 2013, VA awarded Petitioner $2,789.23 in attorney fees pursuant to the fee agreement.

18. MARIO FUOCO had 60 days to appeal that decision, but did not do so. That decision is now final and no longer appealable.

19. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the period to appeal has expired and notwithstanding the multiple phone calls made to Respondent by Petitioner in an effort to prompt payment.

20. Petitioner represented FRANCIS SMIDT pursuant to a fee agreement between them.

21. On NOVEMBER 21, 2013, VA awarded Petitioner $11,985.40 in attorney fees pursuant to the fee agreement.

22. FRANCIS SMIDT had 60 days to appeal that decision, but did not do so. That decision is now final and no longer appealable.

23. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the period to appeal has expired and notwithstanding the multiple phone calls made to Respondent by Petitioner in an effort to prompt payment.

24. Petitioner represented WILLIAM LEE pursuant to a fee agreement between them.

25. On DECEMBER 26, 2013, VA awarded Petitioner $1,054.56 in attorney fees pursuant to the fee agreement.

26. WILLIAM LEE had 60 days to appeal that decision, but did not do so. That decision is now final and no longer appealable.

27. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the period to appeal has expired and notwithstanding the multiple phone calls made to Respondent by Petitioner in an effort to prompt payment.

28. Petitioner represented WILLIAM LEE pursuant to a fee agreement between them.

29. On JANUARY 6, 2014, VA awarded Petitioner $27,706.93 in attorney fees pursuant to the fee agreement.

30. WILLIAM LEE had 60 days to appeal that decision, but did not do so.  That decision is now final and no longer appealable.

31. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the period to appeal has expired and notwithstanding the multiple phone calls made to Respondent by Petitioner in an effort to prompt payment.

## COUNT II – DUE PROCESS PERIOD WAIVED

32. Petitioner represented BILLIE CAMPBELL pursuant to a fee agreement between them.

33. On SEPTEMBER 26, 2013, VA awarded Petitioner $509.33 in attorney fees pursuant to the fee agreement.

34. BILLIE CAMPBELL had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

35. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

36. Petitioner represented JAMES CLIFFORD HUNTER pursuant to a fee agreement between them.

37. On SEPTEMBER 26, 2013, VA awarded Petitioner $1,147.92 in attorney fees pursuant to the fee agreement.

38. JAMES CLIFFORD HUNTER had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent. That decision is now final and no longer appealable.

39. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

40. Petitioner represented WILLIE F. LITTLE pursuant to a fee agreement between them.

41. On SEPTEMBER 26, 2013, VA awarded Petitioner $889.72 in attorney fees pursuant to the fee agreement.

42. WILLIE F. LITTLE had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent. That decision is now final and no longer appealable.

43. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

44. Petitioner represented SEPTIMIO CARLOS SARDINA pursuant to a fee agreement between them.

45. On JANUARY 17, 2014, VA awarded Petitioner $9,277.40 in attorney fees pursuant to the fee agreement.

46. SEPTIMIO CARLOS SARDINA had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent. That decision is now final and no longer appealable.

47. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

48. Petitioner represented SHERRELL KILLINGS pursuant to a fee agreement between them.

49. On JANUARY 22, 2014, VA awarded Petitioner $3,896.28 in attorney fees pursuant to the fee agreement.

50. SHERRELL KILLINGS had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

51. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

52. Petitioner represented TIMOTHY SHEA pursuant to a fee agreement between them.

53. On FEBRUARY 24, 2014, VA awarded Petitioner $2,895.21 in attorney fees pursuant to the fee agreement.

54. TIMOTHY SHEA had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

55. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

56. Petitioner represented RICHARD E. MARTIN, JR. pursuant to a fee agreement between them.

57. On FEBRUARY 27, 2014, VA awarded Petitioner $7,231.40 in attorney fees pursuant to the fee agreement.

58. RICHARD E. MARTIN, JR. had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

59. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

60. Petitioner represented SCOTT G. WHITTEMORE pursuant to a fee agreement between them.

61. On MARCH 8, 2014, VA awarded Petitioner $1,273.44 in attorney fees pursuant to the fee agreement.

62. SCOTT G. WHITTEMORE had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

63. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

64. Petitioner represented MARVIN BOWLERS pursuant to a fee agreement between them.

65. On MARCH 12, 2014, VA awarded Petitioner $108.85 in attorney fees pursuant to the fee agreement.

66. MARVIN BOWLERS had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

67. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

68. Petitioner represented JOHN W. SPAULDING pursuant to a fee agreement between them.

69. On MARCH 13, 2014, VA awarded Petitioner $7,299.30 in attorney fees pursuant to the fee agreement.

70. JOHN W. SPAULDING had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

71. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

72. Petitioner represented CHRISTIAN M. NORIEGA pursuant to a fee agreement between them.

73. On MARCH 21, 2014, VA awarded Petitioner $4,383.08 in attorney fees pursuant to the fee agreement.

74. CHRISTIAN M. NORIEGA had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

75. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

76. Petitioner represented JOHN S. KOREY pursuant to a fee agreement between them.

77. On APRIL 1, 2014, VA awarded Petitioner $1,480.13 in attorney fees pursuant to the fee agreement.

78. JOHN S. KOREY had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent. That decision is now final and no longer appealable.

79. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

80. Petitioner represented BETTY KNIGHT pursuant to a fee agreement between them.

81. On APRIL 3, 2014, VA awarded Petitioner $1,867.34 in attorney fees pursuant to the fee agreement.

82. BETTY KNIGHT had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent. That decision is now final and no longer appealable.

83. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

84. Petitioner represented DAVID EDWARD BASS pursuant to a fee agreement between them.

85. On APRIL 7, 2014, VA awarded Petitioner $1,656.86 in attorney fees pursuant to the fee agreement.

86. DAVID EDWARD BASS had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

87. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

88. Petitioner represented ROBERT SCOTT MCCUBBINS pursuant to a fee agreement between them.

89. On APRIL 18, 2014, VA awarded Petitioner $5,330.66 in attorney fees pursuant to the fee agreement.

90. ROBERT SCOTT MCCUBBINS had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

91. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

92. Petitioner represented DANA MARIE MOORE pursuant to a fee agreement between them.

93. On JANUARY 2, 2014, VA awarded Petitioner $265.36 in attorney fees pursuant to the fee agreement.

94. DANA MARIE MOORE had 60 days to appeal that decision but voluntarily waived that right on paper, and Petitioner submitted that waiver to Respondent.  That decision is now final and no longer appealable.

95. Respondent has failed to pay the attorney fees duly awarded to Petitioner, even though the right to appeal was waived and notwithstanding the multiple phone calls and emails made to Respondent by Petitioner in an effort to prompt payment.

PRAYER FOR RELIEF

WHEREFORE, Petitioner prays the Court to grant the following relief:

1. Assume jurisdiction of this cause;

2. As to Count I and Count II, issue an order granting the petition and directing Respondent to fulfill his nondiscretionary duty to Petitioner to pay, without delay, the amount of attorneys fees awarded in paragraphs 17, 21, 25, 29, 33, 37, 41, 45, 49, 53, 57, 61, 65, 69, 73, 77, 81, 85, 89, and 93.

3. Award Petitioners attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4. Award Petitioners any and all other relief which this Honorable Court may be deem just and proper.

Respectfully submitted,

Dated: May 30, 2014        By:    /s/ Adam S. Neidenberg
ADAM S. NEIDENBERG, ESQ.
INFOVA@DISABILITYLAWCLAIMS.COM
FLORIDA BAR №: 1125001
The Law Offices of LaVan & Neidenberg, P.A.
P.O. Box 350038
Fort Lauderdale, FL  33335-0038
Telephone: (954) 617-2202

ATTORNEY FOR THE PETITIONERS

LIST OF EXHIBITS

Exhibit A: Documents in support for: MARIO FUOCO

Exhibit B: Documents in support for: FRANCIS SMIDT

Exhibit C: Documents in support for: WILLIAM LEE

Exhibit D: Documents in support for: BILLIE CAMPBELL

Exhibit E: Documents in support for: JAMES CLIFFORD HUNTER

Exhibit F: Documents in support for: WILLIE F. LITTLE

Exhibit G: Documents in support for: SEPTIMIO CARLOS SARDINA

Exhibit H: Documents in support for: SHERRELL KILLINGS

Exhibit I: Documents in support for: TIMOTHY SHEA

Exhibit J: Documents in support for: RICHARD E. MARTIN, JR.

Exhibit K: Documents in support for: SCOTT G. WHITTEMORE

Exhibit L: Documents in support for: MARVIN BOWLERS

Exhibit M: Documents in support for: JOHN W. SPAULDING

Exhibit N: Documents in support for: CHRISTIAN M. NORIEGA

Exhibit O: Documents in support for: JOHN S. KOREY

Exhibit P: Documents in support for: BETTY KNIGHT

Exhibit Q: Documents in support for: DAVID EDWARD BASS

Exhibit R: Documents in support for: ROBERT SCOTT MCCUBBINS

Exhibit S: Documents in support for: DANA MARIE MOORE